ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Attorneys for Plaintiff STEPHANIE AGUILAR, et al.,
on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE AGUILAR, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROSS STORES, INC., a Delaware corporation; DMSI STAFFING, LLC, a North Carolina limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:20-cv-05670-JSW<br><br>**PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>Date:   June 18, 2021<br>Time:  9:00 a.m.<br>Ctrm:  5 – 2nd Floor |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2021, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Jeffrey S. White of the above-entitled court located at Oakland Courthouse, Courtroom 5 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Plaintiffs will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 15 for an Order granting leave to amend the complaint to correct the names of two current plaintiffs and to add three new plaintiffs as class representatives, and deeming filed the proposed First Amended Class Action Complaint, attached as Exhibit A.

This Motion is made on the grounds that under Rule 15 leave to amend is freely granted and that granting leave to amend here will not delay the action or cause undue prejudice to Defendants, which have had notice of these amendments for several months.  Correcting plaintiffs' names is necessary to make the complaint accurate.  Adding three new class representatives will not enlarge the scope of either the claims in this action for discovery as the new plaintiffs are members of the putative class and are similarly situated to the current plaintiffs.

This Motion is and will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file herein, the oral argument of the parties, all other matters of which the Court may take judicial notice and upon such other or further material as may be presented at or before the hearing of this matter.

DATED:       April 8, 2021

COUNSELONE, PC

By   /s/ Alexandria R. Kachadoorian

Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

Plaintiffs seek leave to amend the current complaint to add three new plaintiffs as class representatives. All three plaintiffs are members of the putative class that the current plaintiffs represent, and are similarly situated to the current plaintiffs and class representatives. The three new plaintiffs will allege the same legal claims as the current plaintiffs and putative class, and both had similar experiences with Defendants as did the current Plaintiffs and other members of the putative class. The only discovery that has occurred in this action to date is the production by Defendants of existing Plaintiffs' personnel files and the service of subpoenas on third-party deponents. No broader class discovery has occurred and no merits discovery has occurred and there have been no depositions. Such discovery will be on a class basis and will not entail discovery related specifically to the new plaintiffs.

Plaintiffs also seek leave to amend to make typographical changes to the complaint to correct drafting errors in the names of two current named plaintiffs.

None of the foregoing amendments will delay this action or prejudice Defendants. Defendants have notice of the amendments because Plaintiffs discussed them with Defendants weeks ago but have been unable to obtain agreement on them. Adding the new plaintiffs to this action will also prevent the multiplicity of actions and duplication of the Court's and parties' resources.

Plaintiffs therefore respectfully request that the Court grant Plaintiffs' motion for leave to amend and allow the filing of the attached amended complaint.

II.     **BACKGROUND**

Plaintiffs filed the original complaint in the Superior Court of Alameda County in June 2020 with twelve plaintiffs. Ten of the plaintiffs were applicants to DMSI and applied in person and in paper at DMSI's physical location. DMSI conducted background checks on each of them through consumer reporting agencies. Seven were hired by DMSI to work for Ross and did work for Ross. Three were not hired by DMSI. Two plaintiffs applied online directly to Ross, which conducted background checks on both of them through consumer reporting agencies. Ross hired both of them.

None of the twelve current plaintiffs received disclosures before procurement of their background reports that complied with the Fair Credit Reporting Act and California Investigative Consumer Credit Reporting Agencies Act; accordingly they assert claims for violation of that statute. The non-hired plaintiffs also did not receive adverse action disclosures that complied with the FCRA and ICRAA and assert claims for that violation as well.

In the original complaint, the names of two plaintiffs were drafted in error: plaintiff James McCook should be Jake McCook and plaintiff Maria Barajas Chavez should be Maria Chavez Barajas. Plaintiffs seek amendment to correct these two names.

Plaintiffs also seek leave to add three additional plaintiffs as putative class representatives: Uriel Hurtado, Mayra Arias, and Phoebe Bender. Both of these proposed plaintiffs applied for employment with DMSI or Ross within the past five years. Each completed the application forms that DMSI or Ross provided and DMSI or Ross conducted a background check on each of them, including for criminal records. These are similar forms to those completed by the current plaintiffs and similar background checks to those conducted on the current plaintiffs. The new plaintiffs are similarly situated to the current plaintiffs and are members of the putative class now alleged. All proposed plaintiffs intend to allege claims for violation of the FCRA and ICRAA based on the lack of adequate disclosures, the same claims that the current plaintiffs allege. There will be no new claims added to the amended complaint.

The only discovery that has occurred to date is the production of plaintiffs' personnel files containing their application paperwork, background checks, new hire paperwork, and time records if they worked for Ross, as well as third-party subpoenas served to Defendants' consumer reporting agencies. No class wide or merits discovery has yet occurred. The only new discovery that defendants would have to produce is the new plaintiffs' personnel files. All other discovery to be conducted as to them is the same as would already have to occur as to the entire class.

### III.  ARGUMENT

#### A.  Standard For Leave To Amend

"In general, a court should liberally allow a party to amend its pleading . . . . Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013); Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality."); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).

Leave to amend should be granted because Plaintiffs have good cause for the minor amendments and have been diligent in making them. Defendants will not be prejudiced by the amendments and the action will not be delayed.

**B. Plaintiffs Should Be Granted Leave To Amend To Make Typographical Corrections.**

Leave is freely granted to correct errors in drafting. *See Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1029–30 (D. Nev. 2013) ("Given the obvious nature of this drafting error and the liberal policy permitting amendment under the Federal Rules, leave to amend with respect to this particular error (and a similar error in paragraph 3) is granted."); *Jimenez v. Progressive Casualty Ins. Co.*, No. CV-15-01187-PHX-ROS, 2016 WL 5858738, at *6 (D. Ariz. Oct. 3, 2016) ("leave to amend only to correct the drafting errors in the SAC identified in the Notice of Errata"); *Wilson v. Walmart*, No. 213CV00207PMPPAL, 2014 WL 12789819, at *3 (D. Nev. Apr. 29, 2014) ("Because it appears Wilson's failure to carry Walmart forward in his Amended Complaint was a drafting error, he should have an opportunity to amend his Amended Complaint to add Walmart.").

Plaintiffs seek to correct the names of two of the plaintiffs in the operative complaint. The changes will simply provide the correct legal names of the plaintiffs and provide accuracy. The original complaint names plaintiff Jake McCook as James McCook and plaintiff Maria Chavez Barajas as Maria Barajas Chavez. The amended complaint will correct these drafting errors.

**C. Plaintiffs Should Be Granted Leave To Amend To Add Additional Plaintiffs.**

Leave also is freely granted to add new parties. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[L]eave to amend a complaint is typically granted where amending the complaint would not result in undue prejudice, is sought in

bad faith, constitutes an exercise in futility, or creates undue delay." *Padilla v. Sears, Roebuck & Co.*, No. 5:12-CV-00653 EJD, 2012 WL 5505071, at *2 (N.D. Cal., Nov. 13, 2012). "According to Rule 15(c)(1)(13) if an amendment asserts a claim or defense that 'arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading' then that amendment will relate back to the date of the original pleading. Fed.R.Civ.P. 15(c)(1)(13)." *Padilla v. Sears, Roebuck & Co.*, No. 5:12-CV-00653 EJD, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012).

At the outset, the claims of the new plaintiffs are timely. All applied for employment through DMSI or Ross within the last five years and thus are within the limitations period defined by the FCRA and ICRAA. Nonetheless, the new plaintiffs' claims relate back to the original complaint.

"In the Ninth Circuit, [a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996)).

"Within this test, 'notice to the opposing party of the existence and involvement of the new plaintiff is the critical element.'" *Baranco v. Ford Motor Co.*, No. 17-CV-03580-EMC, 2018 WL 5474549, at *3 (N.D. Cal. Oct. 26, 2018) (citation omitted); *id.* at *4 ("Because that claim 'depend[s] on the same conduct by defendant[ ] set forth in the original complaint, defendant[ ] will not have to radically change litigation strategy to defend against th[is] additional plaintiff[ ].'") (quoting *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2008 WL 2079192, at *2 (N.D. Cal. May 15, 2008)); *Padilla*, 2012 WL 5505071, at *2 ("The Court finds that amending the complaint to add the two additional defendants is proper under Rule 15(a) and the common law standards described above."; defendant had not shown undue prejudice and no bad faith); *Stone v. Advance America*, No. 08CV1549WQH(WMC), 2009 WL 2242350, at *2 (S.D. Cal. July 24, 2009) ("The

5

1  Court grants Plaintiff leave to file a second amended complaint which adds Brightwell and
2  Rodriguez as proposed class representatives pursuant to Rule 15(a) of the Federal Rules of Civil
3  Procedure."); *Amparan v. Plaza Home Mortg., Inc.*, No. C 07-4498 JF (RS), 2009 WL 2776486, at
4  *1–2 (N.D. Cal. Aug. 28, 2009) (granting motion to add class representatives where plaintiff
5  informed defendants about adding plaintiffs and where plaintiff sought class list but defendants
6  refused; "it cannot be said that Plaintiff unduly delayed in attempting to amend her complaint, or
7  that any prejudice to Defendants would be unfair.").

8      "'A defendant has received adequate notice if the definition of the putative class includes
9  the proposed class representative or the new class representative's claims are based upon the same
10 or substantially similar underlying conduct." *True Health Chiropractic Inc. v. McKesson Corp.*,
11 No. 13-CV-02219-JST, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014) ("True Health's
12 original complaint gave adequate notice to McKesson regarding McLaughlin's claims because
13 those claims are encompassed within the scope of the original complaint.") (citation omitted); *In re*
14 *Glacier Bay*, 746 F. Supp. 1379, 1391 (D. Alaska 1990) ("class complaints put defendants on
15 notice" that all those in local fishing industry were "potential plaintiffs" and "addition of new
16 plaintiffs who are similarly situated to the original plaintiffs does not cause defendants any
17 prejudice except that defendants incur the potential for increased liability. [] Increased liability is
18 not sufficient prejudice to deny the relation back of such plaintiffs."); *In re Network Assocs., Inc. II*
19 *Secs. Litig.*, No. C 00-CV-4849, 2003 WL 24051280, at *7 (N.D. Cal. Mar. 25, 2003) (finding
20 "new class members share sufficiently similar interests with the original class members to allow
21 relation back" and where "claims of the new class members are based on the same underlying
22 allegations as the original class members").

23     Relation back is allowed where the defendant will not suffer prejudice. *See True Health*,
24 2014 WL 2860318, at *3 ("Adding a new plaintiff who is similarly situated to the original plaintiff
25 does not cause McKesson any prejudice except that it incurs the potential for increased liability []
26 but '[i]ncreased liability is not sufficient prejudice to deny the relation back of such plaintiffs.'");
27 See Besig, 683 F.2d at 1278 (holding that where "the relief sought in the amended complaint is
28 identical to that demanded originally ... the defendant is not prejudiced because his response to the

6

1  action requires no revision"); *Immigrant Assistance Project*, 306 F.3d at 858; *Raynor Bros. Am.*
2  *Cyanimid Co.*, 695 F.2d 382, 385 (9th Cir. 1982).

3      "Identity of interests exists if '[t]he circumstances giving rise to the claim remained the
4  same as under the original complaint.'" *Sidibe v. Sutter Health*, No. 12-CV-04854-LB, 2017 WL
5  4310711, at *3 (N.D. Cal., Sept. 28, 2017) ("The court has little trouble finding identity of interests.
6  The named plaintiffs—individuals and employers—all allegedly paid higher premiums as a result
7  of Sutter's allegedly anticompetitive conduct.") (citations omitted); *Raynor Bros.*, 695 F.2d at 385;
8  *Immigrant Assistance Project*, 306 F.3d at 858; *Baranco*, 2018 WL 5474549, at *4; *True Health*,
9  2014 WL 2860318, at *3 (citing Raynor, 695 F.2d at 385).

10     Here, Plaintiffs seek to add to three new class representatives. Leave should be freely
11 granted under Rule 15 because no harm to the speedy progress of this litigation or prejudice to
12 Defendants would result.

13     First, the original complaint gave adequate notice of the claims asserted by the three new
14 plaintiffs. The new plaintiffs' claims are identical to those already being litigated and they are
15 similarly situated class members. The facts that underlie their claims are within the class period
16 and arise in the same circumstances as the rest of the putative class, i.e., they applied for
17 employment with DMSI or Ross and had background checks conducted on them without adequate
18 disclosures.

19     Second, there is no prejudice to Defendants. The new individuals will have claims that are
20 the same as the already named plaintiffs and whose claims likewise arose within the class period.
21 There are no new legal claims or legal theories that they will assert. There will not need to be new
22 discovery. Little discovery has occurred. Defendants have only produced applications and
23 personnel records for the current plaintiffs so few additional documents will need to be produced as
24 to the three new plaintiffs. With respect to discovery beyond the named Plaintiffs there has not
25 been discovery or depositions or document productions as to broader class certification issues or
26 merits issues and thus no prejudice or delay in that regard. The only exception has been the
27 issuance of third-party subpoenas seeking consumer reporting information on behalf of all putative
28 class members, including the new plaintiffs. As such, the addition of the new plaintiffs will not

require the parties to re-issue these subpoenas.

Third, there is identity of interest between the new plaintiffs and the current Plaintiffs because the new plaintiffs are members of the putative class. The issues that remain to be litigated and subject to discovery are common to all putative class members including the new plaintiffs.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion and deem the amended complaint filed.

DATED:   April 8, 2021                                COUNSELONE, PC

By /s/ Alexandria R. Kachadoorian

Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian

*Attorneys for Plaintiffs and the Putative Class*